Case 2:20-mc-00058   Document 2   Filed on 01/10/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AIRICA WALTHALL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISC. ACTION NO. 2:20-MC-58 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, *et al*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S APPLICATION TO PROCEED
## *IN FORMA PAUPERIS* AND TO DISMISS THIS ACTION

Petitioner Airica Walthall has filed this civil action and is appearing *pro se*. Pending is Walthall's application to proceed *in forma pauperis* (IFP). (D.E. 1). For the reasons discussed herein, Walthall's application should be denied and this action dismissed.

A review of Walthall's application reveals that it contains certain deficiencies that prevent the Court from determining whether she is entitled to IFP status. First, in Question 3 regarding sources of other income, Walthall indicates that she currently receives payments for: (1) pension, annuity, or life insurance; and (2) disability or worker's compensation. (D.E 1, p. 1). However, Walthall fails to provide any information as required concerning the source of such payments and the total amounts received. Walthall further fails to provide any answer for Question 5 regarding whether she owns any property of value. Lastly, while naming one dependent in question, Walthall fails to provide the required details as to her relation to the dependent and the

amount she contributes to the dependent. Based on these deficiencies in her application, Walthall's request to proceed IFP should be denied.

In addition, the undersigned notes that Walthall resides within the Houston Division of this Court and that her claims primarily relate to her allegations of discrimination in many forms and wrongful discharge from her employment in Houston. (D.E. 1, p. 12). Walthall summarizes her complaint by stating that she was "harmed by the sexual harassment, retaliation, discrimination, defamation, and hostile work environment." (D.E. 1-1, p. 17).

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Furthermore, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

A substantial part of the alleged events forming the basis of Walthall's action occurred within the Houston Division of this Court, and there is no nexus between the allegations raised by Walthall and the Corpus Christi Division of the Southern District of Texas. Thus, venue is not proper in this Court under § 1391(b).

Lastly, a review of Court records reveals that Walthall recently filed a virtually-identical civil action in the Houston Division of this Court. (*Walthall v. United States Government, et al.*, No. H-19-2847 (S.D. Tex. 2019)). On December 13, 2019, United

States District Judge David Hittner dismissed Walthall's action for want of prosecution. (*Id.*, D.E. 16). Judge Hittner subsequently denied Walthall's motion to reopen the case. (*Id.*, D.E. 19). Walthall, therefore, appears to be attempting to circumvent Judge Hittner's dismissal order and shop for another forum to hear her claims. However, as discussed above, venue for Walthall's claims does not lie in the Corpus Christi Division of this Court.

Accordingly, for the foregoing reasons, the undersigned respectfully recommends that Walthall's application to proceed IFP (D.E. 1) be DENIED and that this miscellaneous action be DISMISSED. Alternatively, it is respectfully recommended that Walthall's action be TRANSFERRED to the Houston Division of this Court.

ORDERED this 10th day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge